**Electronically Filed**
**Intermediate Court of Appeals**
**30114**
**25-APR-2013**
**10:31 AM**

NO. 30114

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MCCULLY ASSOCIATES, Plaintiff-Appellee,
v. TEN GRAND ASSOCIATES, a Hawai'i limited partnership,
and TEN GRAND INVESTMENTS, INC., a Hawai'i corporation,
Defendants, and JERRY TARUTANI and HUO CHEN,
Co-Trustees of the Gregory Y.Y. Dunn Irrevocable
Trust Dated December 17, 1993, Roger Y.H. Dunn Irrevocable
Trust Dated December 17, 1993, Laurieann Y.F. Dunn
Irrevocable Trust Dated December 17, 1993, and Michael Y.H.
Dunn Irrevocable Trust Dated December 17, 1993, Additional
Defendants and Third-Party Plaintiffs-Appellees and
RONALD K. KOTOSHIRODO, RECEIVER, Third-Party Plaintiff-Appellee,
v. ALEXANDER Y. MARN, Third-Party Defendant-Appellant and
ERIC Y. MARN, Third-Party Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-2246)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)


Third-Party Defendant/Appellant Alexander Y. Marn
(**Marn**) appeals *pro se* from the Final Judgment entered by the
Circuit Court of the First Circuit (**Circuit Court**) on September
16, 2009.[1]

Marn's Opening Brief fails to identify points of error,
improperly attempts to incorporate by reference arguments made in
other appeals, fails to provide the required references to the

---

[1] The Honorable Victoria S. Marks presided.

record on appeal, fails to identify legal authorities relied on, fails to identify applicable standards of review, and otherwise fails to meet the requirements of Hawai'i Rules of Appellate Procedure Rule 28. We, nevertheless, attempt to address the seven issues raised by Marn as "Issues Requiring Appeal Review" (**Issues**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised by the parties, we resolve Marn's appeal as follows:

(1) In the first Issue, Marn appears to challenge the rate of pre-judgment interest awarded in favor of Plaintiff-Appellee McCully Associates (**McCully**) and against Defendant-Appellee Ten Grand Associates (**TGA**) and Defendant-Appellee Ten Grand Investment, Inc. (**TGI**). As argued by McCully, Marn does not have standing to appeal this issue because, although Marn was a third-party defendant in this case, he was not a party to McCully's action against TGA and TGI, Marn has not demonstrated that he had standing to oppose the ruling of the Circuit Court, and Marn has not established that he is affected or prejudiced by the Circuit Court's award against TGA and TGI. See, e.g., Abava v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (identifying requirements for standing to appeal).

(2) In the second Issue, Marn contends that the Circuit Court "exceed[ed] the prayer for relief in [McCully's] complaint by allowing a 'carve out' of the Dunn children from liability on the repayment of the $500K promissory note by TGA to [McCully]. Even assuming, *arguendo*, that Marn has standing to raise this issue, the opening brief provides no discernible argument on this issue and cites no facts in the record or authorities in support of and/or warranting any relief.

(3)   In the third Issue, Marn asks whether it was error to refuse to allow certain persons to intervene.  Marn clearly does not have standing to assert the interests of these non-parties.

(4)   In the fourth Issue, Marn contends that the Circuit Court erred by failing to give credence to certain corporate resolutions that purported to consent to and ratify the transfer of funds to Marn and his brother, Third-Party Defendant/Appellee Eric Y. Marn (**Eric**).  It appears, however, that the record supports the Circuit Court's unchallenged Findings of Fact (**FOF**) and Conclusions of Law (**COL**) that such resolutions were ineffective and invalid and, on appeal, Marn provides no discernible argument, cites no facts in the record, or authorities in support of and/or warranting any relief from the Circuit Court's FOFs and COLs concerning this issue.

(5)   In the fifth Issue, Marn argues that he and Eric were entitled, under TGA's bylaws, to indemnification for their attorney's fees.  Marn does not, however, challenge the Circuit Court's FOF 19 stating, *inter alia*, that "no portion of this payment [to Marn and Eric] can be characterized as indemnification for legal fees incurred."  Accordingly, this argument does not support any relief from the Circuit Court's judgment against Marn.

(6)  In the sixth Issue, Marn questions whether the Circuit Court properly imposed punitive damages against him and Eric, asserting that it was contrary to the "testimony and evidence" and "legal precedent".  However, Marn provides no citations to evidence in the record, no citation to legal authorities, and fails to challenge the Circuit Court's FOFs relating to the award of punitive damages, which appear to be supported by substantial evidence in the record.

(7)   In the seventh Issue, Marn argues that the Circuit Court erred when Judge Marks did not disqualify herself in

response to Marn and Eric's oral request that she recuse herself based on the fact that she was "saddled with decisions she previously made." Marn wholly failed to satisfy the requirements for a party seeking disqualification, including but not limited to the submission of an affidavit stating the facts and reasons for his belief that bias or prejudice exists. See Jou v. Schmidt, 117 Hawaiʻi 477, 184 P.3d 792 (App. 2008) (identifying requirements for disqualification). Marn's argument on appeal is meritless.

For these reasons, the Circuit Court's September 16, 2009 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, April 25, 2013.

On the briefs:

Alexander Y. Marn
Third-Party Defendant-Appellant,
Pro Se

Theodore D.C. Young
(Cades Schutte LLP)
for Third-Party Plaintiff-Appellee
RONALD K. KOTOSHIRODO, RECEIVER
Pendent Lite for TEN GRAND
ASSOCIATES and TEN GRAND
INVESTMENT, INC.

Steven Guttman
Miriah Holden
(Kessner Umebayashi Bain &
  Matsunaga)
for Additional Defendants and
Third-Party Plaintiffs-Appellees

Edward J. Bybee
for Plaintiff-Appellee

Eric Marn
Third-Party Defendant-Appellee,
Pro Se

Presiding Judge

Associate Judge

Associate Judge

4